# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

Nº 19-CV-6996 (DLI) (RER)

———————————————

JUAN VICTORIANO GONZALEZ,

Plaintiff,

VERSUS

VICTORIA G'S PIZZERIA LLC, ET AL.,

Defendants.

———————————————

**REPORT & RECOMMENDATION**

December 22, 2021

———————————————

**TO THE HONORABLE DORA L. IRIZARRY**
**SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Juan Victoriano Gonzalez ("Victoriano" or "Plaintiff") commenced this action on December 13, 2019, against Victoria G's Pizzeria LLC ("Victoria G's" or "Corporate Defendant"), Victoria Grimaldi ("Grimaldi"), and Wei Dong Lin ("Lin") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law §§ 190 and 650 *et seq*. ("NYLL"), and orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6. (ECF No. 1 ("Compl.") at 1–3). Plaintiff has settled his claims against Defendant Lin, and his only remaining claims are those against Victoria G's and Grimaldi. (ECF No. 35). While Victoria G's and Grimaldi initially answered Plaintiff's

1

complaint (ECF No. 7), these Defendants have not meaningfully participated in the litigation since then and their attorney, Lawrence Jones ("Jones"), has since withdrawn. (ECF No. 21).

Before the Court is Plaintiff's motion to strike Defendants' answer and enter default judgment. (ECF No. 32). Your Honor has referred this motion to me for a report and recommendation. After carefully reviewing the record, for the reasons set forth herein, I respectfully recommend that the motion be GRANTED in part and DENIED in part, that default be entered against Victoria G's and Grimaldi, but that default judgment be denied on all claims.

## BACKGROUND

### I.    Factual Allegations

Defendants owned and operated a pizzeria known as Victoria G's Pizzeria in Rego Park, NY. (Compl. ¶ 1). Plaintiff worked as a cook and general laborer at Victoria G's Pizzeria from approximately January 26, 2019 until June 10, 2019. (*Id*. ¶ 28). He alleges that during that time he regularly worked more than 40 hours per week without being paid proper overtime; his hours were not properly tracked or recorded; he was not given wage notices and statements as required by law; he was not provided with "spread of hours" pay on days he worked more than ten hours; and he was not paid for all of the hours he worked. (*Id*. 6–9).

Specifically, Plaintiff alleges that Grimaldi hired him and that she and Lin directed his work and paid him, until Grimaldi eventually "discharged" him. (ECF No. 32-7 ("Victoriano Dec.") ¶¶ 3–9). Plaintiff asserts that he was "employed as a cook, pizza maker and general laborer" and "performed almost everything for the Defendants in the first months of opening their restaurant including but not limited to mopping, cleaning and setting up the dining area, preparing all foods, cleaning the kitchen and kitchen equipment, breaking down merchandise." (*Id*. ¶ 10). Plaintiff

alleges that to perform his duties he frequently handled foodstuffs and cleaning products from other states, and that his work did not require independent judgment or discretion (*Id*. ¶¶ 11-12).

Plaintiff alleges he worked between seventy-eight and eighty-two hours every week between January 26, 2019 and June 10, 2019, except for one unspecified week when he was ill, and a two-week period in early April when his hours were reduced briefly due to the hiring of another employee. (*Id*. ¶ 13–15). Plaintiff was paid $20 per hour for his work and did not receive a premium for overtime hours. (*Id*. ¶ 16). Plaintiff alleges he was not paid for all of the hours he worked between approximately May 17, 2019 and June 7, 2019. (*Id*. ¶ 17). He alleges he was not provided with proper records or complete pay stubs for all of his work. (*Id*. ¶ 18–22).

## II.    Procedural History

After Grimaldi and Victoria G's answered the complaint, I referred the case to mediation, which was ultimately unsuccessful. (ECF Nos. 8 and 14). Following a series of discovery extensions, and Plaintiff's motion to compel discovery from Defendants, I warned Defendants on September 28, 2020, that "[f]ailure to respond [to discovery demands] timely may result in preclusion or sanctions, or both" and gave Defendants until October 2, 2020 to respond. (ECF Order dated 9/28/2020). Victoria G's and Grimaldi requested another extension on October 1, 2020, which was granted it part, but they never actually produced the discovery in question and, at the next conference on December 2, 2020, Jones, Victoria G's and Grimaldi's counsel, stated his intentions to withdraw. (ECF No. 20). At the December 2, 2020 conference, which was scheduled to be a final pretrial conference, Plaintiff said that Grimaldi and Victoria G's had not produced paper discovery or made themselves available for depositions. (*Id*. at 3). In response, Jones said that "[u]nfortunately, [he] had a terrible time being able to communicate with Victoria Grimaldi," noting that she had not responded to his phone calls or emails, and that attempts to

contact her through family members had also been unsuccessful. (*Id.* at 4). Jones also indicated

that the pizzeria was no longer operational. (*Id.* at 5). At that conference, I asked Jones to explain

to his clients that if Grimaldi and Victoria G's did not start participating in the litigation, sanctions

could be issued and a default judgment could be ordered against them, as well as that Victoria G's,

as a corporation, could not proceed *pro se*, and would need to secure new counsel after Jones

withdrew. (*Id.* at 8).

Following the December 2, 2020 conference, Jones formally moved to withdraw as counsel

for Grimaldi and Victoria G's. (ECF No. 21).  Jones' motion was granted. (ECF Order dated

12/28/2020). In granting the withdrawal motion, I once again warned Defendants:

> New counsel for defendants Victoria Grimaldi and Victoria G's Pizzeria LLC must file a
> notice of appearance by 1/27/2021 or thereafter defendant Victoria Grimaldi will have to
> proceed pro se and defendant Victoria G's Pizzeria LLC will be deemed in default. In
> addition, and as previously warned, if defendants do not appear at the upcoming 1/28/2021
> telephone conference at 11:00 a.m. . . . a report will be issued recommending that judgment
> be entered against those defendants for failure to participate in discovery and failure to
> follow a court order.

(*Id.*). A copy of that order was mailed to Grimaldi and Victoria G's. Grimaldi subsequently

appeared *pro se* at the January 28, 2021 conference, but no counsel appeared on behalf of Victoria

G's. I warned again that "Defendant Victoria Grimaldi may continue pro se but the corporate

defendant Victoria G's Pizzeria, LLC must be represented by counsel otherwise, default may be

entered against it." (ECF Minute Entry dated 1/28/2021). Grimaldi did not appear at the next

conferences on March 23, 2021, or April 9, 2021, nor did Victoria G's appear by counsel. Weeks

later, on April 21, 2021, I ordered: "All discovery to be completed by May 20, 2021. If appropriate,

Plaintiff to file a motion for default judgment against defendants Victoria Grimaldi and Victoria

Gs Pizzeria LLC no later than May 27, 2021." (ECF Order dated 4/21/2021). That order was

mailed and emailed to Grimaldi and Victoria G's.

On June 9, 2021, Plaintiff filed the instant motion. To date, Grimaldi and Victoria G's have neither meaningfully participated in discovery nor responded to Plaintiff's motion. (Pl.'s Mem. ¶ 11).

## DISCUSSION

### I.   Striking Grimaldi's and Victoria G's Answer and Entering Default

All litigants, including those who appear *pro se*, are obligated to comply with court orders. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Courts are authorized to impose sanctions on a party that fails to appear at a pretrial conference or obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(A, C). These sanctions may include "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii, vi); *see* Fed. R. Civ. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."). District courts have "broad discretion to impose sanctions under Rule 37(b)." *Palaghita v. Alkor Capital Corp.*, No. 19-CV-1504 (ARR)(RER), 2021 U.S. Dist. LEXIS 158205, at *10 (E.D.N.Y. Aug. 20, 2021) *adopted by* 2021 U.S. Dist. LEXIS 187124 (E.D.N.Y., Sept. 29, 2021). "However, use of the most severe sanctions should be limited to cases involving willfulness, bad faith, or fault on the part of the non-compliant party." *Campos v. Quentin Mkt. Corp.*, No. 16-CV-05303, 2017 U.S. Dist. LEXIS 193699, at *5 (E.D.N.Y. Nov. 21, 2017) (collecting cases) *adopted by* 2018 U.S. Dist. LEXIS 42337 (Mar. 13, 2018). "Striking a pleading or dismissing a case are severe penalties that should be used only in 'extreme situations.'" *Id.* (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013)).

Courts in the Second Circuit use several non-exclusive and non-dispositive factors to evaluate whether severe sanctions are just, including: "(1) the willfulness of the non-compliant party or the

reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Palaghita*, 2021 U.S. Dist. LEXIS 158205, at *10 (citations omitted). "No single factor controls, and it is not an abuse of discretion for a district court to order a dispositive sanction even when not every factor weighs against the party to be sanctioned." *Aristidou v. Aviation Port Servs., LLC*, No. 18-CV-4040 (MKB)(RER), 2020 U.S. Dist. LEXIS 31348, at *36-37 (E.D.N.Y. Feb. 21, 2020) *adopted by* 2021 U.S. Dist. LEXIS 113899 (E.D.N.Y., June 17, 2021). As discussed below, each of these factors weighs in favor of striking Grimaldi's and Victoria G's answer as an appropriate sanction for their failure to abide by court orders and meaningfully participate in discovery.

## A. Willfulness

"Courts in this District find a litigant's actions to be willful when there has been unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing." *Liu v. Millenium Motors Sports, LLC*, No. 17-CV-6438 (RPK)(RER), 2020 U.S. Dist. LEXIS 208524, at *7 (E.D.N.Y. Nov. 5, 2020) (collecting cases).

Here, Grimaldi and Victoria G's have failed to respond to multiple requests for discovery, missed multiple hearings and conferences, and have disregarded court orders. Specifically, Victoria G's failed to comply with the Court's December 2, 2020 order to obtain counsel within 30 days or face default judgment; both parties failed to comply with the Court's September 28, 2020 order to complete discovery by December 2, 2020; and both failed to appear at scheduled conferences on March 23, 2021, and April 9, 2021. Grimaldi and Victoria G's have not provided an explanation to the Court for their failure to participate in this litigation. Accordingly, both defendants' noncompliance is willful. *See Campos*, 2017 U.S. Dist. LEXIS 193699, at *6 (finding

6

that a defendant's failure to comply with discovery or attend hearings after answering a complaint was willful); *Castillo v. Zishan, Inc.*, 2017 U.S. Dist. LEXIS 118965, at \*4 (S.D.N.Y. July 27, 2017) (finding willfulness when defendants failed to respond to an order to appear and corporate defendant failed to obtain new counsel after a withdrawal).

### B.  The Efficacy of Lesser Sanctions

While courts must consider the efficacy of less severe sanctions, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.,* 624 F.3d 123, 148 (2d Cir. 2010). Further, "case-ending sanction are appropriate" where "defendants willfully abandon their defense of the case." *Millenium Motors Sports*, 2020 U.S. Dist. LEXIS 208524, at \*10. Here, it is apparent that Grimaldi and Victoria G's have willfully abandoned their defense, and that lesser sanctions would not be effective. Victoria G's has failed to obtain counsel and remains unrepresented in the matter, and neither party has appeared or responded in the litigation in many months despite repeated warnings that they faced sanctions including possible default judgment. As such, severe sanctions are appropriate. *See Castillo*, 2017 U.S. Dist. LEXIS 118965, at \*4 (finding that "defendants' continued non-compliance in the face of these repeated warnings indicates that a sanction less severe than a default judgment would be ineffective.").

### C.  The Duration of Noncompliance

Periods of noncompliance "as brief as a few months have been held to weigh in favor of dispositive sanctions . . . [a]nd periods of six months or more weigh even more heavily toward such remedies." *Vargas v. Jet Peru-Courier Corp.*, No. 15-CV-6859 (RRM)(PK), 2018 U.S. Dist. LEXIS 43716, at \*12 (E.D.N.Y. Mar. 14, 2018) *adopted by* 2018 U.S. Dist. LEXIS 53382 (E.D.N.Y., Mar. 28, 2018) (quoting *Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Win*

*Const.*, 88 F. Supp. 3d 250, 265-66 (S.D.N.Y. 2015) (collecting cases)). Here, Victoria G's has failed to comply with the Court's order to obtain representation since January 27, 2021, a period of almost eleven months. Grimaldi has not been responsive to the litigation in any way since January 28, 2021, a similar period, and neither party has responded to discovery requests that were made more than a year ago. Even with repeated extensions, the final date for discovery to be due, May 20, 2021, was over seven months ago. The duration of Grimaldi's and Victoria G's noncompliance clearly weighs in favor of sanctions. *See Campos*, 2017 U.S. Dist. LEXIS 193699, at *7-8 (finding that "harsh sanctions are the most effective way for the Court to move the action forward" when defendants had stayed the case for almost six months.)

### D. Warnings of the Consequences of Noncompliance

"A *pro se* defendant must receive 'adequate warning' or notice of the consequences for noncompliance before a court imposes sanctions." *Palaghita*, 2021 U.S. Dist. LEXIS 158205, at *17 (quoting *Lopez v. Cajmant LLC*, No. 15-CV-593 (SLT)(RER), 2016 U.S. Dist. LEXIS 165994, at *4 (E.D.N.Y. Dec. 1, 2016)). However, after several warnings, it may become appropriate to issue sanctions, and courts in this District have found that a defendant's failure to participate in litigation after several warnings warrants an entry of default. *Khan v. Nyrene, Inc.*, No. 18-CV-557 (ARR)(ST), 2019 U.S. Dist. LEXIS 140390, at *9 (E.D.N.Y. May 29, 2019) *adopted by* 2019 U.S. Dist. LEXIS 102864 (E.D.N.Y., June 18, 2019); *Agiwal*, 555 F.3d at 303. Grimaldi and Victoria G's have been repeatedly warned about the possibility of sanctions, specifically striking their answer and entering default. They were warned on September 28, 2020, that "Failure to respond [to discovery demands] timely may result in preclusion or sanctions, or both." In December 2020, when Jones made clear his intention to withdraw as counsel for Grimaldi and Victoria G's, I instructed him to inform his clients of the possibility of sanctions. After that, both

8

defendants were warned again on December 28, 2020, and yet again in May 2021. The warnings were mailed and emailed to Defendants. These repeated warnings weigh in favor of harsh sanctions. *See Campos*, 2017 U.S. Dist. LEXIS 193699, at *6-7 (holding that it was appropriate to strike an answer and enter default when a corporate and individual defendant, respectively, "willfully ignored a court order to retain new counsel and failed to appear at two conferences, despite repeated warnings from the Court that their failure to appear would result in an entry of default.").

Grimaldi and Victoria G's have willfully failed to comply with court orders to participate in this case over a period of many months, despite repeated warnings. This behavior warrants severe sanctions. *See Aristidou,* 2020 U.S. Dist. LEXIS 31348, at *46 (collecting cases). Therefore, I respectfully recommend that the Court strike Grimaldi's and Victoria G's answer.

## II.        Default Judgment

While there is a preference for resolving cases on their merits, "default judgment is an appropriate sanction where lesser sanctions are not feasible." *Palaghita*, 2021 U.S. Dist. LEXIS 158205, at *10 (collecting cases). "When entry of default is an appropriate sanction under Rule 37, the Court proceeds with analysis under Rule 55." *Id*. Rule 55 dictates that default judgment is appropriate when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

### A.  Entry of Default

Rule 55 specifies a two-step process for entering judgment against a party who fails to defend: "first, the entry of a default, and second, the entry of a default judgment." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "Although Rule 55(a) contemplates that entry of default is a ministerial step to be

performed by the clerk of court, a district judge also possesses the inherent power to enter a default[.]" *Id.* at 128 (citations omitted).

A corporation may only appear in a lawsuit against it through an attorney, and "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, Fed. R. Civ. P." *Khurana v. JMP USA, Inc.*, No. 14-CV-4448 (SIL), 2017 U.S. Dist. LEXIS 52063, at *4-5 (E.D.N.Y. Apr. 5, 2017) (quoting *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006)). "This rule is fully applicable even where the sole shareholder of the defaulting corporation elects to proceed *pro se* regarding his personal liability because he is, as a matter of law, situated differently from the corporation, whose interests may at times 'overlap but are not identical in all respects.'" *Id*.

Victoria G's has not been represented by counsel since December 28, 2020, and did not obtain new counsel as ordered by the Court; therefore, I respectfully recommend that the Court enter default against Victoria G's. *See Millenium Motors Sports*, 2020 U.S. Dist. LEXIS 208524, at *14 (entering default against a corporation when "[d]espite repeated warnings that failure to retain counsel would result in default against the corporation, [Defendant] did not retain new counsel for [the corporation]"). As discussed above, Grimaldi has effectively abandoned her case by repeatedly failing to comply with court orders and failing to appear at court proceedings. As such, I respectfully recommend that the Court enter default against Grimaldi as well. *Id.* (entering default against an individual defendant who "abandoned his defense because he failed to respond to discovery requests, comply with the Court's orders, or appear at a scheduled hearing.").

### B. Default Judgment

In the second step of the default-judgment process, after default has been entered, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). At this stage, "the Court

must accept Plaintiffs' well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiffs' favor." *Hernandez v. Delta Deli Mkt. Inc.*, No. 18-CV-00375 (ARR)(RER), 2019 U.S. Dist. LEXIS 23756, at *2 (E.D.N.Y. Feb. 12, 2019) *adopted by* 2019 U.S. Dist. LEXIS 35304 (E.D.N.Y., Mar. 4, 2019) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)). However, a court need not accept Plaintiff's legal conclusions; instead, it is the court's "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Nikolaeva v. Home Attendant Servs. of Hyde Park*, No. 15-cv-6977 (NGG)(RER), 2017 U.S. Dist. LEXIS 113484, at *3 (E.D.N.Y. July 19, 2017) (quoting *Rolls-Royce plc v. Rolls-Royce USA, Inc.*, 688 F.Supp.2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

While a plaintiff's well-pleaded allegations can establish liability in a default judgment, the same standard does not apply to damages. *Lopez v. 1923 Sneaker, Inc.*, No. 18-CV-3828 (WFK)(RER), 2021 U.S. Dist. LEXIS 43615, at *12 (E.D.N.Y. Mar. 5, 2021) (citations omitted) *adopted by* 2021 U.S. Dist. LEXIS 67238 (E.D.N.Y., Apr. 6, 2021). Instead, a plaintiff must show that the compensation sought "naturally flow[s] from the injuries pleaded" and reflects the damages demanded in their pleadings. *Palaghita*, 2021 U.S. Dist. LEXIS 158205, at *11 (citing *Greyhound*, 973 F.2d at 158); Fed. R. Civ. P. 54(c). The court may, but is not required to, hold a hearing on the amount of damages. *Palaghita*, 2021 U.S. Dist. LEXIS 158205, at *12; Fed. R. Civ. P. 55(b)(2). Instead of holding a hearing, the court "may rely on 'detailed affidavits and documentary evidence,' as well as the Court's knowledge of the record from experience with the case." *Id*. (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). "If an employer fails to maintain wage and hour records, the plaintiff may rely on his recollection to

approximate the wages owed." *Id.* (citing *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 332-33, 335 (S.D.N.Y. 2005)).

### III. Liability Under FLSA and NYLL

Under both the FLSA and NYLL, there must be an employer-employee relationship for there to be liability. *Liu v. Millenium Motors Sports*, No. 17-CV-06438 (RPK)(RER), 2021 U.S. Dist. LEXIS 99088, at *6 (E.D.N.Y. May 24, 2021) ("As a threshold matter, Plaintiffs must establish that a non-exempt employer-employee relationship existed under the FLSA and NYLL.") *adopted by* 2021 U.S. Dist. LEXIS 148059 (E.D.N.Y., Aug. 6, 2021); *see also Miguel v. Mi Bella Puebla Corp.*, No. 16-CV-01593 (SJ)(RER), 2017 U.S. Dist. LEXIS 145172, at *5 (E.D.N.Y. Sep. 6, 2017) *adopted by* 2017 U.S. Dist. LEXIS 176086 (E.D.N.Y., Oct. 24, 2017). In addition to showing an employee-employer relationship, a plaintiff must also establish that they were not exempt from FLSA or NYLL protections, and that they were inadequately compensated. *Nikolaeva*, 2017 U.S. Dist. LEXIS 113484, at *3-4 (citing *Espinoza v. Indus. Glass & Mirror Inc.*, No. 16-CV-0064 (ARR)(RER), 2016 U.S. Dist. LEXIS 166925 at *2 (E.D.N.Y. Nov. 30, 2016) *adopted by* 2017 U.S. Dist. LEXIS 1552 (E.D.N.Y. Jan. 5, 2017)).

For the reasons below, Plaintiff has failed to show that Victoria G's and Grimaldi are employers subject to FLSA liability, and his motion for default judgment on those claims therefore must be denied.

### A. Plaintiff Has Not Sufficiently Alleged That Grimaldi and Victoria G's were Employers Under the FLSA

As a threshold matter, an FLSA plaintiff must show that the defendants were "employers" according to the statute. Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An

employer is subject to the FLSA if the plaintiff employee is either "(1) 'engaged in commerce or in the production of goods for commerce,' (individual coverage)," or (2) employed in an "enterprise engaged in commerce or in the production of goods for commerce" whose "annual gross volume of sales made or business done is not less than $500,000" (enterprise coverage). 29 U.S.C. § § 203(s)(1)(A)(i)-(ii), 206(a) and § 207(a)(1)); *1923 Sneaker, Inc.*, 2021 U.S. Dist. LEXIS 43615, at \*35 (quoting *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 342 (E.D.N.Y. 2014)); *Kantor v. Air Atl. Med.*, P.C., No. 19-CV-03597 (EK)(ST), 2021 U.S. Dist. LEXIS 126833, at \*5-6 (E.D.N.Y. July 7, 2021) *adopted by* 2021 U.S. Dist. LEXIS 165069 (E.D.N.Y., Aug. 31, 2021). Here, Plaintiff has not alleged that the annual gross volume of sales made or business done at Victoria G's was $500,000 or more, so there cannot be enterprise coverage.

The dispositive test for individual coverage under the FLSA looks to whether the plaintiff was an employee "in the 'channels of interstate commerce' as distinguished from [one] who merely affected that commerce." *Xelo v. Mavros*, No. 03-CV-3665 (NG)(MDG), 2005 U.S. Dist. LEXIS 21588, at \*13 (E.D.N.Y. Sep. 28, 2005) (quoting *McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943)); *see also Kantor*, 2021 U.S. Dist. LEXIS 126833, at \*9. For an employee to be to be in the channels of interstate commerce, their work must be "so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Kantor*, 2021 U.S. Dist. LEXIS 126833, at \*9 (citing *Jiao v. Shi Ya Chen*, No. 03-CV-165, 2007 U.S. Dist. LEXIS 96480, at \*8 (S.D.N.Y. Mar. 30, 2007); *see also Walker v. Interfaith Nutrition Network, Inc.*, No. 14-CV-5419 (DRH)(GRB), 2015 U.S. Dist. LEXIS 91418, at \*10 (E.D.N.Y. July 14, 2015) (collecting cases) ("An employee engages in commerce when 'a substantial part' of the employee's work [is] related to interstate commerce.").

13

An employee's showing "that he may have regularly worked with goods that originated from outside of New York does not qualify him as an employee engaged in commerce." *Liu v. Elegance Rest. Furniture Corp.*, No. 15-CV-5787 (RRM)(SMG), 2017 U.S. Dist. LEXIS 160110, at *10-11 (E.D.N.Y. Sep. 25, 2017) (quoting *Yupa v. Country Stone & Fence Corp.*, No 14-CV-7384 (DRH), 2017 U.S. Dist. LEXIS 361, at *8 (E.D.N.Y. Jan. 3, 2017)). In general, "employees who handle goods after acquisition by a merchant for general local disposition are not" engaged in commerce. *McLeod*, 319 U.S. at 494.

Here, Plaintiff alleges that:

> Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at Victoria G's Pizzeria, such as vegetables, flour, eggs, milk, meats, and beverages, cleaning supplies, were produced outside the State of New York.

(Compl. ¶ 26). Plaintiff further alleges that "Plaintiff was individual [sic] engaged in interstate commerce through his contacts with interstate businesses on behalf of Defendants." (*Id*. ¶ 27).

These conclusory allegations are insufficient to show that Plaintiff was engaged in interstate commerce to the extent required to prove individual FLSA liability. Plaintiff alleges that he used ingredients and supplies from out of state in his work at the pizzeria, but merely using goods that come from out of state is not enough to show that an employee was engaged in interstate commerce. *McLeod*, 319 U.S. at 493 (finding that a cook and caretaker for railway workers was "not engaged in the production of goods for commerce"); *Elegance Rest. Furniture Corp.,* 2017 U.S. Dist. LEXIS 160110, at *10 (finding that a furniture maker was not engaged in interstate commerce even though the tools and materials he used were imported from another country); *Walker*, 2015 U.S. Dist. LEXIS 91418, at *10 (finding that a plaintiff who used goods and tools from out of state to make fences and repair pool floors was not engaged in interstate commerce for

the purposes of individual coverage); *Xelo*, 2005 U.S. Dist. LEXIS 21588, at *13 (finding an employee was not engaged in interstate commerce when he made bank deposits and delivered food and products, some of which were produced out of state, to businesses engaged in interstate commerce); *Lamont v. Frank Soup Bowl, Inc.*, 99-CV-12482 (JSM), 2001 U.S. Dist. LEXIS 6289, at *6 (S.D.N.Y. May 15, 2001) ("It is clear that [Defendant Restaurant] was not in the channels of interstate commerce when it cooked meals for patrons and sold take-out orders from a single location in the Bronx.").

Further, although Plaintiff does not provide details about his "contacts with interstate businesses," it is well settled that merely making calls to entities in other states or mailing letters out of state as part of a job is not sufficient to show that an employee is engaged in interstate commerce for purposes of establishing individual coverage. *Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744 (NGG)(JO), 2013 U.S. Dist. LEXIS 55381, at *11 (E.D.N.Y. Apr. 15, 2013) (collecting cases) ("Evidence that an employee sometimes engaged in an activity that can be considered interstate commerce, such as bank transactions or mail delivery, is not sufficient to show that the employee was 'in the channels of commerce' rather than merely affecting commerce"); *Walker*, 2015 U.S. Dist. LEXIS 91418, at *12 (finding plaintiff's allegations that they routinely made phone calls out of state insufficient to show the employee was engaged in interstate commerce). As such, Plaintiff fails to show that the FLSA applies to Victoria G's and Grimaldi as employers. Accordingly, I respectfully recommend that Plaintiff's motion for default judgment on his FLSA claims be denied.

**B.  The Court Should Decline to Exercise Supplemental Jurisdiction
Over Plaintiff's State Law Claims**

Plaintiff's failure to sufficiently plead his FLSA claims undercuts the Court's jurisdiction to rule on the remaining state law claims, as this case is in federal court based on federal question jurisdiction and there is no diversity among the parties. (Compl. ¶ 7); *Fernandez v. Main Glatt Corp.*, No. 12-CV-986 (SJ)(VVP), 2014 U.S. Dist. LEXIS 44879, at *10 (E.D.N.Y. Mar. 14, 2014). While the Court may exercise supplemental jurisdiction even when there is no other basis for federal jurisdiction, "the Second Circuit has made the point that where dismissal of the federal claims occurs before trial the related state law claims should be dismissed as well." *Id.* (citing *Castellano v. Bd. of Trustees,* 937 F.2d 752, 758 (2d Cir. 1991)); *see also N.Y. Mercantile Exch., Inc. v. IntercontinentalExchange, Inc*., 497 F.3d 109, 119 (2d Cir. 2007) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998)) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."); *Dixon v. Int'l Unified Workforce, Inc.*, No. 18-CV-7191 (LDH)(SJB), 2020 U.S. Dist. LEXIS 160444, at *9 (E.D.N.Y. Sep. 1, 2020) ("In light of the denial of the motion for default judgment [on the FLSA claims], the Court recommends that the Court dismiss the Complaint and decline to exercise jurisdiction over the NYLL claims."); *Owusu*, 2013 U.S. Dist. LEXIS 55381, at *13-14 ("Because the federal claims in the case have been dismissed, the court declines to exercise supplemental jurisdiction over Plaintiff's New York Labor Law claims."). Therefore, I respectfully recommend that the Court decline to exercise supplemental jurisdiction over the NYLL and other state law claims, and that these claims be dismissed.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's motion to strike Defendants' answer and enter default judgment against Victoria G's and Grimaldi be granted in

part and denied in part. Defendants' answer should be stricken and default should be entered against them. However, default judgment should be denied and Plaintiff's remaining claims should be dismissed.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Grimaldi and Victoria G's by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Dora L. Irizarry within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

   /s/ Ramon E. Reyes, Jr.        .
Hon. Ramon E. Reyes, Jr., USMJ

Dated: December 22, 2021
        Brooklyn, NY