UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JUAN VICTORIANO GONZALEZ,                    :
                                             :
                        Plaintiff,           :
                                             :
            -against-                        :          **MEMORANDUM AND ORDER**
                                             :          **ADOPTING REPORT AND**
VICTORIA G'S PIZZERIA LLC, VICTORIA          :          **RECOMMENDATION**
GRIMALDI and WEI DONG LIN,                   :          19-cv-06996 (DLI) (RER)
                                             :
                        Defendants.          :
--------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Juan Victoriano Gonzalez ("Plaintiff") commenced this action against Victoria

G's Pizzeria LLC ("Victoria G's"), Victoria Grimaldi ("Grimaldi"), and Wei Dong Lin ("Lin"),

alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New

York Labor Law §§ 190 and 650 *et seq*. ("NYLL"), and orders of the New York Commission of

Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §146-1.6.  *See*, Compl., Dkt. Entry

No. 1.  Plaintiff has settled his claims against Lin (*See*, Electronic Order dated December 22, 2021)

and Lin has been dismissed from this case.  *See*, Electronic Order dated January 18, 2022.  On

June 9, 2021, Plaintiff moved to strike Victoria G's and Grimaldi's (collectively, "Defendants")

Answer and for default judgment ("Plaintiff's motion").  *See*, Pl.'s Mot. to Strike ("Pl.'s Mot."),

Dkt. Entry No. 32.  Defendants did not oppose the motion.

On June 10, 2021, the Court referred Plaintiff's motion to the Honorable Ramon E. Reyes,

Jr., United States Magistrate Judge of this Court, for a Report and Recommendation ("R&R").  On

December 22, 2021, the magistrate judge issued an R&R recommending that this Court strike

Defendants' Answer, enter default against Defendants, deny default judgment on all claims,

dismiss the federal claims, and decline to exercise supplemental jurisdiction over Plaintiff's state

law claims.  *See*, R&R, Dkt. Entry No. 37.  Plaintiff timely objected only to the portion of the R&R that recommended the denial of default judgment on all claims, dismissal of all federal claims, and denial of the exercise of supplemental jurisdiction over the state law claims.  Pl.'s Objs., Dkt. Entry No. 40.  To date, Defendants neither have objected to the R&R nor responded to Plaintiff's objections.  Upon due consideration and review, for the reasons set forth below, Plaintiff's objections are overruled, and the R&R is adopted in its entirety.

### STANDARD OF REVIEW

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects.  *See*, Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted).  On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'"  *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).  Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  *Santiago v. City of N.Y.*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted).

However, when there is no objection "to a magistrate judge's recommendation, the recommendation is reviewed, at most, for 'clear error.'"  *Barrera v. F & A Rest. Corp.*, 2021 WL

2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")). "Clear error will only be found when, upon review of the entire record, the court is left with 'the definite and firm conviction that a mistake has been committed.'" *Id.* (citing *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006). "[The clear error] standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *Shakespeare v. Live Well Fin., Inc.*, 2020 WL 9814108, at *2 (E.D.N.Y. Oct. 13, 2020) (citations omitted).

After its review, the district court then may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## DISCUSSION

### I.   Liability Under FLSA

The magistrate judge recommends denial of default judgment on all claims due to insufficient allegations in the Complaint showing that Defendants are subject to FLSA liability. R&R at 12-15. Plaintiff argues that he sufficiently alleged "individual coverage" under the FLSA and that, "by defaulting[,] the Defendants have conceded [this] issue." Pl.'s Objs. at 2-3.

"When a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages." *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp.2d 76, 83 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)); Fed. R. Civ. P. 8(b)(6). "Thus, with respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate

3

that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Id.* (collecting cases).

An employer is subject to the FLSA if the plaintiff employee either is "(1) 'engaged in commerce or in the production of goods for commerce,' (individual coverage)," or (2) employed in an "enterprise engaged in commerce or in the production of goods for commerce" whose "annual gross volume of sales made or business done is not less than $500,000" (enterprise coverage). *Lopez v. 1923 Sneaker, Inc.*, 2021 WL 1845057, at *3 (E.D.N.Y. Mar. 5, 2021), *report and recommendation adopted*, 2021 WL 1259623 (E.D.N.Y. Apr. 6, 2021) (quoting *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp.3d 337, 342 (E.D.N.Y. 2014)); 29 U.S.C. §§ 203(s)(1)(A)(i)-(ii), 206(a) and 207(a)(1)). Plaintiff is silent as to Defendants' annual gross volume of sales made or business done, and, as such, there is no enterprise coverage here. Defendants only may be found subject to the FLSA through individual coverage.

"To determine whether an individual employee is engaged in commerce, courts conduct a fact-specific inquiry into the employment actions of each and every employee asserting a claim under the [FLSA]." *Payamps v. M & M Convenience Deli & Grocery Corp.*, 2018 WL 3742696, at *5 (E.D.N.Y. May 18, 2018) (citing *Jacobs v. New York Foundling Hosp.*, 483 F. Supp.2d 251, 257 (E.D.N.Y. 2007), *aff'd*, 577 F.3d 93 (2d Cir. 2009)). For an employee to be engaged in commerce within the meaning of FLSA, their work must be "so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Kantor v. Air Atl. Med., P.C.*, 2021 WL 3888067, at *4 (E.D.N.Y. July 7, 2021), *report and recommendation adopted*, 2021 WL 3884193 (E.D.N.Y. Aug. 31, 2021) (citing *Jiao v. Shi Ya Chen*, 2007 WL 4944767, at *8 (S.D.N.Y. Mar. 30, 2007) (quoting *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955))). As pertinent here, "handlers

of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are [engaged] in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not." *McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943).

The Complaint contains bald, conclusory allegations about Plaintiff's duties, which only describe his handling of goods after the goods were acquired by his employer for local consumption. Plaintiff asserts in the Complaint that he "was employed by defendants as a cook and general laborer." Complaint ("Compl."), ¶¶ 3, 30. Plaintiff further asserts that he "engaged in interstate commerce through his contacts with interstate businesses on behalf of Defendants" and that he "regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York." *Id.*, ¶¶ 27, 31. Plaintiff's vague and conclusory allegation that he "engaged in interstate commerce" through unknown contacts on behalf of Defendants for an unstated reason "cannot support an assertion that a substantial part of Plaintiff's work closely relates to interstate commerce." *Jones v. SCO Fam. Of Servs.*, 202 F. Supp.3d 345, 351 (S.D.N.Y. 2016); *See also*, *Walker v. The Interfaith Nutrition Network, Inc.*, 2015 WL 4276174, at *4 (E.D.N.Y. July 14, 2015) (dismissing allegations of plaintiffs' individual coverage in an FLSA case on similar grounds). Significantly, Plaintiff cannot be found to be engaged in interstate commerce based on handling goods in interstate commerce as "employees who handle goods after acquisition by a merchant for general local disposition are not engaged in commerce." *McLeod*, 319 U.S. at 494.

As an alternative to a denial of Plaintiff's motion for default judgment on the FLSA claims, Plaintiff summarily requests "leave to replead or submit supplementary declarations," relying, via a footnote, on the magistrate judge's citation to *Fernandez v. Main Glatt Corp.*, 2014 WL 1310287

(E.D.N.Y. Mar. 14, 2014), *report and recommendation adopted sub nom*, *Hernandez v. Main Glatt Corp.*, 2014 WL 1310291 (E.D.N.Y. Mar. 31, 2014).  Pl.'s Objs. at 2.  Plaintiff neither attached a proposed amended complaint to his objections nor set forth any allegations of fact in support of his request for leave to amend the complaint.

"Leave to amend a complaint 'shall be freely given when justice so requires,' and it is 'within the sound discretion of the district court to grant or deny leave to amend.'" *Paleja v. KP NY Operations LLC*, 2021 WL 148948, at *2 (S.D.N.Y. Jan. 15, 2021), *aff'd*, 2022 WL 364007 (2d Cir. Feb. 8, 2022) (citing *McCarthy v. Dun & Bradsteet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a))).  "Ordinarily, leave to amend may be denied on the basis of futility if the proposed claim would not withstand a Rule 12(b)(6) motion to dismiss." *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2020 WL 2215250, at *4 (S.D.N.Y. May 7, 2020).

Here, Plaintiff does not provide any basis for permitting him to replead by providing additional evidence or attaching an amended complaint.  Instead, Plaintiff only asserts that denying him leave to replead would be unfair as "the issue had never been raised before."  Pl.'s Objs. at 3. However, Plaintiff had the opportunity to provide the Court with additional information and a proposed amended complaint in his objections to the R&R, but failed to do so, choosing instead to make legal arguments in a brief footnote citing to a case without any precedential value. Therefore, Plaintiff's request for leave to replead is denied as futile.  Accordingly, as Plaintiff has failed to show that the FLSA applies to the Defendants as employers, the motion for default judgment on the FLSA claims is denied.

## II.    State Law Claims

The magistrate judge recommends this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims because Plaintiff failed to plead his FLSA claims sufficiently.

R&R at 16.  Plaintiff objects based on "inherent fairness" and "as a matter of judicial economy."
Pl.'s Objs. at 3.

While the Court may exercise supplemental jurisdiction even when there is no other basis
for federal jurisdiction, "the Second Circuit has made the point that where dismissal of the federal
claims occurs before trial the related state law claims should be dismissed as well."  *Fernandez*,
2014 WL 1310287, at *4 (citing *Castellano v. Bd. of Trustees,* 937 F.2d 752, 758 (2d Cir. 1991));
*See also*, *N.Y. Mercantile Exch., Inc. v. Intercontinental Exchange, Inc*., 497 F.3d 109, 119 (2d
Cir. 2007) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998)) ("In general, where
the federal claims are dismissed before trial, the state claims should be dismissed as well.").
Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law
claims.  Therefore, Plaintiff's state law claims are dismissed.

## CONCLUSION

Upon due consideration and *de novo* review as to those portions of the R&R to which
Plaintiff objects, the objections are overruled.  As to those portions of the R&R to which the parties
do not object, the Court finds no clear error.  Accordingly, the magistrate judge's R&R is adopted
in its entirety.  As such, Plaintiff's motion is granted to the extent that Defendants' Answer is
stricken, and default is entered against them; however, Plaintiff's motion for default judgment is
denied, the FLSA claims are dismissed and, as the Court declines to exercise supplemental
jurisdiction over the state law claims, this action is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
       March 22, 2022

                                              _____
                                                      /s/
                                              DORA L. IRIZARRY
                                              United States District Judge

7